UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ROBERT C. FABIAN,

    Plaintiff,

vs.

JAMES R. TILLOTSON, *et al.*,

    Defendants.

Case No. 3:21-cv-265

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER: (1) GRANTING DEFENDANTS' MOTIONS TO DISMISS AND MOTION FOR JUDGMENT ON THE PLEADINGS (Doc. Nos. 7, 8, 15); (2) DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE (Doc. No. 2); (3) DENYING PLAINTIFF A CERTIFICATE OF APPEALABILITY; (4) CERTIFYING THAT ANY APPEAL WOULD BE OBJECTIVELY FRIVOLOUS AND FINDING THAT *IN FORMA PAUPERIS* STATUS SHOULD BE DENIED ON APPEAL; AND (5) TERMINATING THIS CASE ON THE DOCKET**

---

This *pro se* civil case is before the Court on multiple Fed. R. Civ. P. 12(b)(6) motions to dismiss and a Fed. R. Civ. P. 12(c) motion for judgment on the pleadings filed by Defendants Lauren M. Dever ("Dever"), an Assistant Montgomery County Public Defender; the Honorable James Long ("Judge Long"); the Kettering Municipal Courts; James R. Tillotson, Code Enforcement Officer for the City of Kettering, Ohio ("Tillotson"); the Kettering Planning and Development Department; the Kettering Police Department; and John Everett, Prosecutor for the City of Kettering, Ohio ("Everett"). Doc. No. 7 (Fed. R. Civ. P. 12(b)(6) motion by Dever); Doc. No. 8 (Fed R. Civ. P. 12(b)(1) and (b)(6) motion by Judge Long and the Kettering Municipal Court); Doc. No. 15 (Fed. R. Civ. P. 12(c) motion by Tillotson, Everett, the Kettering Police Department, and the Kettering Planning and Development Department). Judge Long also moves, in his motion, for dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

Doc. No. 8 at PageID 135. Plaintiff filed an opposition memorandum to these motions. Doc. No. 17. All Defendants, aside from Dever, replied. Doc. Nos. 19, 20. These motions are now ripe for review.

**I.**

Accepting Plaintiff's allegations in his complaint as true, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the pleadings and their attachments reveal the following. The City of Kettering ("Kettering") condemned Plaintiff's home in early 2019 for failure to have electricity or water service. Doc. No. 13-1 at PageID 163–64. In June 2019, Plaintiff was criminally charged with removing the condemnation placard card from the property. Doc. No. 8-1 at PageID 147–48. Plaintiff ultimately pleaded guilty to this charge before the Kettering Municipal Court in August 2019. *Id.* at PageID 148.

Once Kettering condemned his house, Plaintiff regularly received notices of abatement throughout 2019 until 2021. Doc. No. 13-1 at PageID 166–99. The notices (thirteen in total) alerted Plaintiff that his home remained unfit for habitation because it lacked electricity or running water and was covered in trash, debris, lumber, household items, and inoperable cars. *See id*; *see also id.* at PageID 243–57.

To monitor Plaintiff's compliance with the condemnation and notices, Tillotson received an administrative search warrant, signed by Judge Long, on July 20, 2021. *Id.* at PageID 213–15. He executed it two days later. *Id.* at PageID 216. Plaintiff alleges that Tillotson and the Kettering Police Department ordered him to leave his house that day when they executed the warrant. Doc. No. 2 at PageID 57. After finding Plaintiff's property unchanged, Tillotson cited Plaintiff for noncompliance. Doc. No. 13-1 at PageID 200.

Tillotson executed another administrative warrant on September 2, 2021. *Id.* at PageID 242. Yet again, Tillotson found Plaintiff's property in noncompliance, so he issued Plaintiff a

notice of intent to demolish his home. *Id.* at PageID 258–59.

Plaintiff alleges that Kettering and its officers conducted an unconstitutional pattern of harassment and interference with his property. Doc. No. 2 at PageID 70. He claims that an unknown police officer pushed him when Tillotson executed the second search warrant. *Id.* at PageID 53. Plaintiff blames Judge Long for denying him access to the court and failing to advise him of his right to appeal his conviction for removing the condemnation notice. *Id.* at PageID 53, 70. He alleges that Dever, Everett, and the Kettering Municipal Courts acted unlawfully throughout this saga. *See id.* He premises his claims on the Fourth, Fifth, Sixth, and Ninth Amendments to the U.S. Constitution and seeks injunctive relief and damages. *Id.* at PageID 53–56.

## II.

The Court assumes a complaint's factual veracity under Rule 12(b)(6). *See Iqbal*, 556 U.S. at 678. To survive dismissal, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This requires a complaint "to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Watkins v. Healy*, 986 F.3d 648, 660 (6th Cir. 2021) (quoting *Iqbal*, 556 U.S. at 678). Essentially, a complaint must have more than "naked assertion[s]" to be plausible. *Twombly*, 550 U.S. at 557. *Pro se* complaints are to be liberally construed and "however inartfully pleaded, must be held to less stringent standards than formal pleadings." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The standard for reviewing a Fed. R. Civ. P. 12(c) motion for judgment on the pleadings is the same standard for reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *See Sensations, Inc. v. City of Grand*

*Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

Challenges to the Court's subject-matter jurisdiction under Rule 12(b)(1) come in two forms: facial and factual attacks. *See McCormick v. Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012). "'A facial attack on the subject-matter jurisdiction'—like the one Defendant makes here— 'questions merely the sufficiency of the pleading.'" *Wayside Church v. Van Buren Cnty.*, 847 F.3d 812, 816 (6th Cir. 2017) (quoting *Gentek Bldg. Prods. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007)) (cleaned up). The Court accepts the allegations in the complaint as true against a facial attack. *Carrier Corp. v. Outokump Oyj*, 673 F.3d 430, 440 (6th Cir. 2012).

### III.

Despite liberally construing Plaintiff's allegations, the Court must grant Defendants' motions. Plaintiff cannot sue the Kettering Police Department, the Kettering Municipal Courts, or the Kettering Planning and Development Department. Nor can he overcome Judge Long's and Everett's absolute immunity. Finally, he cannot state claims against Dever or Tillotson.

**A. The Kettering Police Department, the Kettering Municipal Courts, and the Kettering Planning and Development Department are not *Sui Juris***

Plaintiff names the Kettering Police Department, Kettering Municipal Court, and the Kettering Planning and Development Department as defendants. Doc. No. 2 at PageID 50, 66. Ohio law determines whether Plaintiff may name them as parties. Fed. R. Civ. P. 17(b)(3). He cannot. All three are not *sui juris*. *See Lawson v. City of Youngstown*, 912 F. Supp. 2d 527, 529– 31 (N.D. Ohio 2012) (municipal court and police department cannot be sued for constitutional violations because Ohio law did not give statutory authority to do so); *Jones v. Marcum*, 197 F. Supp. 2d 991, 997 (S.D. Ohio 2002); *see also, e.g.*, *Saint Torrance v. Firstar*, 529 F. Supp. 2d 836, 850–51 (S.D. Ohio 2007). Because all three cannot sue nor be sued, the claims against them are dismissed.

4

### B. Judge Long and Everett are Absolutely Immune from Plaintiff's Claims

Plaintiff sues Judge Long for issuing the warrants and for his actions while presiding over the criminal case. Judges typically enjoy absolute immunity from suit, subject to two exceptions. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Yarbrough v. Garrett*, 579 F. Supp. 2d 856, 860 (E.D. Mich. 2008). "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11–12 (citations omitted). "Whether an act is judicial in character does not depend on whether it is discretionary. The appropriate inquiry is whether the function in question is a truly judicial act or an act that simply happens to have been done by judges." *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1994) (cleaned up) (citation omitted).

Judge Long retains absolute immunity. Both issuing a warrant and presiding over cases are typical judicial actions made within his jurisdiction. *See id.* at 417–18 (finding that the court clerk was entitled to absolute immunity for issuing a warrant); *see also, e.g.*, *Bright v. Gallia Cnty.*, 753 F.3d 639, 649–50 (6th Cir. 2014) (judge's overreaction to criticism by inappropriately depriving an attorney of his appointed felony cases did not negate judicial immunity). This merits dismissal.

Plaintiff's claims against Everett fare no better. "[A] prosecutor enjoys absolute immunity from § 1983 suits for damages when he acts within the scope of his prosecutorial duties." *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976) (citations omitted). Courts take "a 'functional approach' to determine when a prosecutor is acting within the scope of his duties as a prosecutor and when he is merely giving legal advice or investigating." *Howell v. Sanders*, 668 F.3d 344, 349 (6th Cir. 2012) (first citing *Burns v. Reed*, 500 U.S. 478, 486 (1991); and then citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993)). "[T]he critical inquiry is how closely related is the prosecutor's

5

challenged activity to his role as an advocate intimately associated with the judicial phase of the criminal process." *Ireland v. Tunis*, 113 F.3d 1435, 1443 (6th Cir. 1997) (quoting *Pusey v. City of Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993)).

Plaintiff targets Everett's conduct in plea negotiations—a core prosecutorial responsibility. Doc. No. 2 at PageID 72–73. Because Everett's actions here were within the scope of his role as Kettering's prosecutor, he is entitled to immunity. *See, e.g.*, *Cady v. Arenac Cnty.*, 574 F.3d 334, 341 (6th Cir. 2009) (collecting cases). Like the claims against Judge Long, the claims against Everett must be dismissed.

        **C.**       **Plaintiff Fails to State a Claim Against Dever**

While Dever is included in the case caption, Plaintiff pleads no allegations against her. Instead, he focuses on the individuals and organizations responsible for condemning and planning to demolish his home. *See* Doc. No. 2 at PageID 54–56. He focuses primarily on Tillotson's conduct in executing the warrants and purportedly manipulating government officials into wrongfully condemning his property. *Id.*

While a *pro se* complaint must be construed liberally, there are limits. *See Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). The Court cannot conjure allegations or construct claims on a *pro se* litigant's behalf. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008); *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Here, Plaintiff simply lists Dever in the case caption without alleging her role in condemning his home. *See, e.g.*, *Schomaker v. Gen. Motors*, No. 1:10-cv-765, 2011 WL 4433167, at *7 (W.D. Mich. Aug. 2011) (dismissal was warranted where plaintiff simply listed parties in case caption without pleading facts as to their alleged unlawful conduct); *Tylicki v. Gee*, No. 2:08-cv-936, 2009 WL 112833, at *2–4 (S.D. Ohio Jan. 15, 2009) (dismissing claims with prejudice against a party about whom the *pro se* plaintiff did not articulate any facts sufficient to imply their liability under a liberal

6

construction of his complaint). Accordingly, he fails to state a claim against Dever.

### D. Plaintiff's Claims Against Tillotson are also Deficient

Construing his complaint in his favor, Plaintiff's remaining causes of action challenge Tillotson's conduct in serving notices of violations, executing the search warrants, and recommending condemnation of Plaintiff's home. *See, e.g.*, Doc. No. 2 at PageID 53–56, 70. But each cause of action—premised on the Fourth, Fifth, Sixth, and Ninth Amendments—does not identify any unconstitutional behavior.

Begin with Plaintiff's Fourth Amendment claim. The Fourth Amendment protects against unreasonable searches and seizures. U.S. Const. amend. IV. "[F]or § 1983 liability in Fourth Amendment cases," the search or seizure "must be unreasonable." *Graves v. Mahoning Cnty.*, 821 F.3d 772, 775 (6th Cir. 2016) (alteration in original) (internal quotations omitted) (quoting *Brower v. Cnty. of Inyo*, 489 U.S. 593, 599 (1989)) (citing *Robertson v. Lucas*, 753 F.3d 606, 618 (6th Cir. 2014)). A Fourth Amendment claim alleging an unreasonable search must fail where Plaintiff "cannot show the absence of probable cause." *Barnes v. Wright*, 449 F.3d 709, 716 (6th Cir. 2006) (quoting *Thacker v. City of Columbus*, 449 F.3d 244, 259 (6th Cir. 2003)). "[A] lesser showing of probable cause is required to secure an administrative warrant." *Dow Chem. Co. v. U.S. ex rel. Burford*, 749 F.2d 307, 314 (6th Cir. 1984) (citing *Marshall v. Barlow's Inc.*, 436 U.S. 307 (1978)). It exists where there is "specific evidence of an existing violation or on a showing that reasonable legislative administrative standards . . . for conducting an . . . inspection are satisfied with respect to a particular [establishment]." *Eng'g & Mfg. Servs., LLC v. Ashton*, 387 F. App'x 575, 584 (6th Cir. 2010) (alterations in original) (internal quotation marks omitted) (quoting *Trinity Indus., Inc. v. Occupational Safety & Health Rev. Comm'n*, 16 F.3d 1455, 1460 (6th Cir. 1994)).

Judge Long signed the warrants after reviewing the numerous then-existing housing and building code violations. *See* Doc. No. 13-1 at PageID 166–99, 213–17, 220–23. This is sufficient

7

for administrative probable cause, so Tillotson's entries onto the property and actions in abating the public nuisance on the property were lawful. *Cf. Embassy Realty Invs., Inc. v. City of Cleveland*, 572 F. App'x 339, 345–46 (6th Cir. 2014) (entry on property to abate a lawfully declared nuisance does not constitute a Fourth Amendment violation).

If, instead, the Court construes Plaintiff's allegations as an excessive force claim, it is deficient. He does not explain how the officer's shove was objectively unreasonable under the circumstances, which is essential to state an excessive force claim. *See, e.g.*, *Graham v. Connor*, 490 U.S. 386, 394–96 (1989) (requiring a plaintiff to show, *inter alia*, that the show of force was objectively unreasonable under the circumstances). Thus, he fails to state an excessive force claim. *See, e.g.*, *Robinson v. Hurt*, No. 2:20-cv-01120, 2021 WL 141702, at *4 (W.D. Tenn. Jan. 14, 2021) (dismissing *pro se* plaintiff's excessive force claim for failure to allege facts demonstrating that any alleged use of force was unreasonable).

Plaintiff's remaining claims are not actionable under the Amendments he cites. First, the Ninth Amendment "does not confer substantive rights in addition to those conferred by other portions of our governing law." *Gibson v. Matthews*, 926 F.2d 532, 537 (6th Cir. 1991). Second, the Sixth Amendment may apply to his plea negotiations, but it is irrelevant to Tillotson's actions or the condemnation because neither involved "the initiation of adversary judicial criminal proceedings—whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." *Rothgery v. Gillespie Cnty.*, 554 U.S. 191, 198 (2008) (quoting *United States v. Gouveia*, 467 U.S. 180, 188 (1984)). Finally, the Court construes the Fifth Amendment claim against Tillotson as challenging the nuisance abatement and condemnation of his home. Abating a nuisance after adequate notice is not a constitutional violation. *See, e.g.*, *Davet v. City of Cleveland*, 456 F.3d 549, 553–54 (6th Cir. 2006); *Crow v. City of Springfield*, 15 F. App'x 219,

224 (6th Cir. 2001); *McWain v. Clay Twp.*, No. 3:20-cv-123, 2022 WL 952730, at *5–6 (S.D. Ohio Mar. 30, 2022). Thus, Plaintiff's claims against Tillotson warrant dismissal.

**IV.**

The Court thus: (1) **GRANTS** Defendants' motions to dismiss and motion for judgment on the pleadings (Doc. Nos. 7, 8, 15); (2) **DISMISSES WITH PREJUDICE** Plaintiff's complaint (Doc. No. 2); (3) **DENIES** Plaintiff a certificate of appealability; (4) **CERTIFIES** that any appeal would be objectively frivolous and finds that Plaintiff should be denied *in forma pauperis* status on appeal; and (5) **TERMINATES** this case on the Court's docket.

**IT IS SO ORDERED.**

August 17, 2022                  s/Michael J. Newman
                                                               Hon. Michael J. Newman
                                                               United States District Judge